**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| CORLIS MOON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BEST BUY CO., INC.,<br><br>Defendant. | Civil File No.: _____<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

**PLEASE TAKE NOTICE** that pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Best Buy Co., Inc.[1] ("Defendant" or "Best Buy"), by and through its attorneys, hereby removes the above-captioned putative class action from the Minnesota District Court for the Fourth Judicial District, Hennepin County, to the United State District Court for the District of Minnesota. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Corlis Moon ("Plaintiff" or "Moon") and filed with the Clerk of the Minnesota District Court for the Fourth Judicial District, Hennepin County.

## I.    COMMENCEMENT & OTHER PROCEDURAL REQUIREMENTS

On March 27, 2026, Plaintiff filed a putative class action captioned, *Corlis Moon v. Best Buy Co., Inc.*, Case No. 27-CV-26-4671, in the Minnesota District Court for the Fourth Judicial District, Hennepin County. On March 27, 2026, Plaintiff served Defendant with

---

[1]    The proper defendant is Best Buy Stores, L.P., which owns and operates Best Buy stores, including the store identified in Plaintiff's Complaint.

the Summons and Complaint. (*See* Declaration of Daniel J. Supalla ("Supalla Decl.") Ex. 1 (summons and complaint), Ex. 2 (proof of service).); *see also id.* Ex. 3 (docket and all other process, pleadings, and orders served on Defendant in the state-court action).)

Plaintiff seeks to represent a putative nationwide class that includes Plaintiff and "all people in the United States whose [personally identifiable information ("PII")] was shared by Defendant to a third party data clean room and then sold to other third parties through Best Buy Ads during the class period." (*See* Supalla Decl. Ex. 1 ("Compl.") ¶ 89 (the "Nationwide Class").) Plaintiff also seeks to represent "a subclass consisting of Class Members in Virginia[.]" (*See id.* ¶ 90 (the "Virginia Subclass").) Defendant denies these allegations and denies either the Nationwide Class or Viriginia Subclass may be certified as alleged.

Plaintiff asserts two causes of action. First, a claim on behalf of the putative Virginia Subclass for violation of the Virginia Personal Information Privacy Act ("VPIPA"), Va. Code §§ 59.1-442, *et seq.*; he seeks an injunction, compensatory damages, statutory damages ($100 per violation), and attorneys' fees and costs. (*See* Compl. ¶¶ 100-120.) Second, a claim on behalf of the putative Nationwide Class for common-law unjust enrichment, seeking restitution or disgorgement of revenue and profits, an injunction, and attorneys' fees and costs. (*See id.* ¶¶ 122-127.)

Defendant has not yet filed a responsive pleading to the Complaint. On April 22, 2026, the Hon. Bruce Manning entered an order on the parties' stipulation to extend the Defendant's time to answer or otherwise respond to the Complaint to May 4, 2026. *See*

*Moon v. Best Buy Co., Inc.*, No. 27-CV-26-4671, Index #7, Order to Extend Time to Answer or Otherwise Respond to Plaintiff's Complaint (filed Apr. 22, 2026).

Timeliness: This notice is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of service made on March 27, 2026. (Supalla Decl. Ex. 2.)

Consent: Pursuant to 28 U.S.C. § 1453(b), consent is not required by others because Best Buy is the only named defendant.

Notice: Under 28 U.S.C. § 1446(d), copies of this Notice of Removal are being served on counsel for Plaintiff and filed with the Minnesota District Court for the Fourth Judicial District, Hennepin County. (Supalla Decl. Ex. 4.)

Venue: Under 28 U.S.C. § 1441(a), removal to the United States District Court for the District of Minnesota is proper because this District encompasses the Minnesota District Court for the Fourth Judicial District, Hennepin County, where this action is currently pending.

## II.    THIS COURT HAS JURISDICTION UNDER CAFA

This case is within the original jurisdiction of this Court and properly removed under CAFA. Federal courts have diversity jurisdiction over putative class actions that have (1) commenced after February 18, 2005, (2) minimal diversity, (3) 100 or more class members, and (4) an aggregate amount in controversy of more than $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

"[T]he language and structure of CAFA indicate that Congress contemplated broad federal court jurisdiction," *Kitchin v. Bridgeton Landfill*, *LLC*, 3 F.4th 1089, 1093 (8th Cir. 2021) (internal quotations omitted), and "no antiremoval presumption attends cases

3

invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To remove an action under CAFA, a defendant need provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "a plausible allegation" that the jurisdictional requirements are satisfied. *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89. A notice of removal "need not contain evidentiary submissions." *Id.* at 84.

The statements in this Notice of Removal should not be construed as an admission as to class certification or the merits of Plaintiff's allegations. *See Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013) (holding defendants are not required to, and do not, "confess liability" when setting forth the jurisdictional amount in controversy to meet CAFA's requirements (internal quotations omitted)). Best Buy denies all liability, denies Plaintiff and members of the putative Nationwide Class and putative Virginia Subclass were damaged in any way, and further denies Plaintiff and putative class members are entitled to any damages or injunctive relief that Plaintiff seeks in this action. *See id*. Best Buy believes Plaintiff's allegations are entirely without merit, and denies class treatment is appropriate for this action. Best Buy believes that Plaintiff's claims are subject to individual arbitration. Best Buy does not waive, and expressly reserves, all arguments in opposition to class certification, and all arguments and defenses available to it under the applicable Federal Rules of Civil Procedure, federal and state statutes, and contracts.

### a. Plaintiff Brings a Class Action Which May Be Adjudicated in Federal Court Pursuant to CAFA

Plaintiff's action satisfies CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule … authorizing an action to be brought by 1 or more representative persons as a class action[.]" *See* 28 U.S.C. § 1332(d)(1)(B); *see also* 28 U.S.C. § 1453(a), (b). Plaintiff purports to bring this action as a putative class action on behalf of Plaintiff and other similarly situated individuals, including a putative Nationwide Class and putative Virginia Subclass. (Compl. ¶¶ 89-98).

### b. There Is Minimal Diversity Between Plaintiff or the Class, on the One Hand, and Defendant, on the Other Hand

CAFA requires only minimal diversity—*i.e.*, that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A); *see also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010) ("[U]nder CAFA, federal courts have jurisdiction over class actions in which … there is minimal (as opposed to complete) diversity among the parties, *i.e.*, any class member and any defendant are citizens of different states[.]").

Minimal diversity exists between Plaintiff and Best Buy Co., Inc., because they are citizens of different states. Plaintiff alleges he is a citizen of Virginia and he currently resides in Manassas, Virginia. (*See* Compl. ¶ 13.) Defendant is incorporated in Minnesota and is headquartered in Richfield, Minnesota. (Supalla Decl. Ex. 5.) *See Hertz Corp. v. Friend,* 559 U.S. 77, 80-81 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and

coordinate the corporation's activities," which will "typically be found at a corporation's headquarters.").

Minimal diversity would also exist between Plaintiff and Best Buy Stores, L.P. Best Buy Stores, L.P. is a Virginia limited partnership, whose partners are citizens of Minnesota and Virginia. *Carden v. Arkoma Associates*, 494 U.S. 185, 187 (1990) (citizenship of a limited partnership is the citizenship each of its general and limited partners). Plaintiff seeks to represent a putative nationwide class consisting of "all people in the United States whose [personally identifiable information ("PII")] was shared by Defendant to a third party data clean room and then sold to other third parties through Best Buy Ads during the class period." (Compl. ¶ 89.) To maintain minimal diversity, "***any member*** of a class of plaintiffs" must be "a citizen of a State different from any defendant". 28 U.S.C. § 1332(d)(2)(A) (emphasis added). At least one putative class member (and in fact many) is a citizen of a state *other than* Minnesota and Virginia. As such, even if Plaintiff had named Best Buy Stores, L.P. as the defendant, minimal diversity between at least one putative member of the nationwide class and Best Buy Stores, L.P. exists, and removal jurisdiction under CAFA is proper.

### c. The Complaint Acknowledges the Putative Class Will Number At Least 100 Persons

CAFA requires that the proposed class contain at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges the precise number of putative class members in the Nationwide Class is unknown but "estimate[s] that there are at least thousands of

individuals in the Class." (*See id.* ¶ 94.) Accordingly, this requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### d.  The Amount in Controversy Exceeds the Statutory Minimum of $5,000,000

CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "[T]o determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

If the class action complaint does not expressly allege more than $5,000,000 is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 82. "[D]istrict courts must 'accept' the allegations in the notice if they are 'made in good faith.'" *Leflar v. Target Corp.*, 57 F.4th 600, 604 (8th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co.*, 574 U.S. at 87). The removing party need not establish "whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012) (emphasis in original).

"When the notice of removal plausibly alleges that the class *might* recover actual damages, punitive damages, and attorney fees aggregating more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (emphasis in original) (quoting *Raskas*, 719 F.3d at 888)). Even if "highly improbable" that

a plaintiff will recover the $5,000,000 in controversy, the case should still be removed to federal court. *Id*.

### 1. Statutory Penalties Under the VPIPA

Plaintiff alleges Best Buy violated the VPIPA by selling the Virginia Subclass Members' PII for compensation. (Compl. ¶ 1.) The VPIPA prohibits a "merchant, without giving notice to the purchaser," from "sell[ing] to any third person information which concerns the purchaser and which is gathered in connection with the sale, rental, or exchange of tangible personal property to the purchaser at the merchant's place of business." Va. Code. § 59.1-442(A). The statute defines a 'merchant' as "any person or entity engaged in the sale of goods from a fixed retail location in Virginia." *Id*. § 59.1-442(B).

Plaintiff alleges "[i]n the relevant statutory period, Plaintiff Moon purchased products from a retail Best Buy store location in Manassas, Virginia" and "Defendant sold Plaintiff's PII, including but not limited to, the purchasing patterns of Plaintiff, and disclosed Plaintiff's information to a third party without providing adequate notice." (Compl. ¶ 14.) Plaintiff alleges this conduct occurred on a widespread basis: "Every time a customer makes a purchase at a Best Buy retail store in Virginia, Best Buy collects PII about that customer." (*Id.* at ¶ 80.) Plaintiff brings a claim for violation of VPIPA on behalf of himself and the putative Virginia Subclass whose PII was allegedly sold without their notice or consent. (*Id*. at ¶¶ 100-120.).

A violation of the VPIPA "is a prohibited practice under the Virginia Consumer Protection Act" ("VCPA"). Va. Code § 59.1-196, *et seq*. The statute of limitations for

claims brought under the VCPA is two years. *Id.* § 59.1-204.1; *see also id.* § 8.01-230 (explaining date of accrual for a cause of action). Accordingly, a VPIPA claim must be brought within two years of accrual. *See, e.g.*, *Hurst v. Wiegard*, No. CV 15-360-GMS, 2017 WL 2788947 at n.12 (D. Del. June 27, 2017) (applying "the two year limitations period for VCPA and VPIPA claims"); *Hurst v. Harbert*, No. 5:15-CV-00033, 2015 WL 3505557 at n.3 (W.D. Va. June 3, 2015), *aff'd*, 630 F. App'x 209 (4th Cir. 2016) (observing the "two-year limitations period for VCPA and VPIPA claims").

Here, the relevant limitations period according to Plaintiff's allegations is March 27, 2024, to March 27, 2026, the date on which the Summons was served on Best Buy. (*See* Supalla Decl. Exs. 1-2; *see also* Minn. R. Civ. P. 3.01(a)). During the limitations period, more than 10 million purchases were made at Best Buy retail stores in the State of Virginia. *See Brunts v. Walmart, Inc.*, 68 F.4th 1091, 1094 (8th Cir. 2023) (in evaluating removal under CAFA, "[t]he total amount of sales can be a measure of the amount in controversy" (*citing Raskas*, 719 F.3d at 888 ("sales figures are sufficient to establish the amount in controversy"))).

VPIPA assigns a $100 penalty per violation of the statute. Va. Code § 59.1-444. Plaintiff seeks, among other forms of relief, "damages in the amount of $100 per violation, per Class member." (*See* Compl. ¶ 120.) Multiplying the $100 statutory penalty by the number of sales that occurred at Virginia Best Buy retail stores during the statutory time period, the aggregate value of Plaintiff's request for statutory damages on behalf of himself and the putative Virginia Subclass exceeds $1 billion. This number exceeds the $5,000,000 amount in controversy required to remove a case under CAFA.

### 2. Statutory Attorney Fees Under the VPIPA

"[S]tatutory attorney fees count toward the jurisdictional minimum calculation" for federal removal. *Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005); *see also Pirozzi, LLC*, 938 F.3d at 983-984 (aggregate of actual damages and attorney fees must exceed $5,000,000 for CAFA removal); *Faltermeier v. FCA US LLC*, 899 F.3d 617, 622 (8th Cir. 2018) (concluding the district court did not err by calculating the collective sum of damages and attorney fees to reach the minimum $5,000,000 amount in controversy).

The VPIPA authorizes the award of "reasonable attorney fees" to a party who prevails on a VPIPA claim. Va. Code § 59.1-444. In the unlikely event Plaintiff and the Virginia Subclass prevail on their VPIPA claim against Defendant, they may be entitled to attorney fees under VPIPA. Although the amount of attorney fees presently cannot be calculated, the availability of such fees in this action places the amount in controversy well above the statutory minimum for removal under CAFA.

### 3. Plaintiff's Pursuit of Economic Damages and Restitution

Plaintiff claims he and the putative Virginia Subclass sustained economic harm because of Best Buy's alleged conduct. Plaintiff alleges, "[b]ecause Plaintiff and the other Class members ascribe monetary value to the privacy of their PII, Defendant's unlawful sale of their PII caused them to receive less value than they paid for, thereby causing them economic harm." (Compl. ¶ 117.) Plaintiff also brings a claim for unjust enrichment against Defendant seeking "restitution or disgorgement" on behalf of himself and the putative Nationwide Class. Though Plaintiff does not identify a dollar amount of claimed economic

10

damages or restitution, he does assert that the putative Nationwide Class includes "at least thousands of individuals." (*Id.* at ¶ 94.) Combining Plaintiff's and the putative Nationwide Class's alleged economic damages with their demand for restitution confirms the total amount in controversy in this action may exceed $5,000,000. *See, e.g.*, *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-CV-1238 (JS)(WDW), 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (finding CAFA jurisdiction met in data breach class action when "it seems clear … that Plaintiffs' additional claims for actual damages and equitable relief far exceeds $5 million. Although they do not provide specific monetary demands … [g]iven the size of the purported class (which is alleged to be in the thousands) and the expansive nature of Plaintiffs' claimed damages, it is hard to see how the amount-in-controversy does not exceed $5 million in actual damages and equitable relief . . . .").

For purposes of this Notice of Removal, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and satisfies the amount in controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

Based on the foregoing, this putative class action meets all the requirements under CAFA because (1) it commenced after February 18, 2005, (2) there is minimal diversity, (3) there are more than 100 putative class members, and (4) there is more than $5,000,000 in controversy, in the aggregate. This Court thus has original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

Best Buy reserves the right to amend or supplement this Notice of Removal. Best Buy further reserves all rights and defenses, including those available under the applicable Federal Rules of Civil Procedure, state statutes, and contracts.

11

## CONCLUSION

Best Buy, having satisfied all requirements for removal under 28 U.S.C. §§ 1332, 1441, 1453, and 1446, respectfully submits this Notice of Removal, requests that the action be removed, and requests that the Court assume full jurisdiction over the case as provided by law. Best Buy respectfully removes this action from the Minnesota District Court for the Fourth Judicial District, Hennepin County, to this Court.

**NILAN JOHNSON LEWIS PA**

Dated: April 27, 2026

By: *s/ Daniel J. Supalla*
     Daniel J. Supalla (#03870640)
     Allison M. Lange Garrison (#0391433)
     Erika R. McClintock (#0505626)
250 Marquette Avenue South, Suite 800
Minneapolis, Minnesota 55401
Telephone: 612-305-7500
Fax: 612-305-7501
dsupalla@nilanjohnson.com
alangegarrison@nilanjohnson.com
emcclintock@nilanjohnson.com

**ATTORNEYS FOR DEFENDANT BEST BUY CO., INC.**